## S04F0707. HELTON v. CROSS.

(602 SE2d 647)

FLETCHER, Chief Justice.

Connie Joan Helton appeals from a final judgment of divorce entered on March 27, 2003, challenging two parts of that judgment. On May 21, 2001, the trial court ruled that a Reconciliation Agreement, entered between the parties on October 8, 1996, was valid and governed the division of the parties' property. Anthony Richard Cross's application to appeal that order to this Court was denied on August 7, 2001. Helton claims that the order upholding the Reconciliation Agreement became the law of the case after Cross's application to appeal was denied, and that the trial court improperly deviated from the terms of that Agreement in its final order. Because the trial court's final order does not conflict with the Reconciliation Agreement, we affirm.

Specifically, Helton challenges that part of the trial court's final order which (a) awards Cross $9,500 as equitable division of the jewelry that Cross had given her during the marriage, and (b) requires Helton to share responsibility for the mortgage payments and utilities on the marital home, as a condition of her residence in that home, until that home is sold. Even assuming that the trial court was precluded from deviating from the terms of the Reconciliation Agreement, however, its rulings on these issues do not conflict with that Agreement.

For example, the Reconciliation Agreement makes no reference to the division of marital property, such as the jewelry, valued at $33,790, given to Helton by Cross during the marriage.[1] In the absence of an enforceable contractual arrangement between the parties regarding the division of this property, the trial court was free to divide the property in accordance with the rules of equitable division applicable in this State. We find no evidence that the trial court abused its discretion when it ordered that, upon sale of the marital home, the sum of $9,500 be deducted from Helton's share and remitted to Cross, that sum representing his equitable share of the jewelry that the trial court allowed Helton to retain.

Similarly, although the Reconciliation Agreement does state that any debt incurred prior to the marriage shall remain the debt of the person who incurred it, it says nothing about the issue of post-divorce

---

[1] Helton does not challenge the trial court's determination that the jewelry constitutes marital property.

residency in the marital home by either party.[2] The trial court did not abuse its discretion by ordering Helton to pay one half of the mortgage and utility payments coming due on that home as a condition of her continued residence after the divorce.

Accordingly, because Helton has failed to show how the trial court deviated from the terms of the Reconciliation Agreement, we need not reach her arguments concerning the law of the case, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Barr, Warner & Pine, Karen D. Barr*, for appellant.
*George M. Hubbard III, Sean R. Kasper*, for appellee.

---

[2] Under the terms of the Reconciliation Agreement, the marital home "shall be jointly and equally owned by both parties."